An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RANDY STONE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63380

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed his petition on January 2, 2013, almost seven years after this court issued the remittitur on direct appeal on January 17, 2006. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for writs of habeas corpus.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State specifically pleaded laches,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]We reviewed the district court order denying appellant's first habeas petition. *See Stone v. State*, Docket No. 48710 (Order of Affirmance and Directing Correction of Judgment of Conviction, February 8, 2008).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30694

appellant was required to overcome the rebuttable presumption of prejudice. *See* NRS 34.800(2).

In an attempt to overcome the procedural bars, appellant argued that good cause for the delay is demonstrated by the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012).[3] *Martinez* held that "a procedural default will not bar a *federal habeas court* from hearing a substantial claim of ineffective assistance [of counsel] at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at ___, 132 S. Ct. at 1320 (emphasis added). We have recently determined that *Martinez* does not apply to habeas petitions filed in state court. *Brown v. McDaniel*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 60, at 15-16, August 7, 2014). Accordingly, we conclude that appellant failed to overcome the procedural bars to his petition, and we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                                        Cherry

---

[3]To the extent that appellant claimed that good cause is not required if his petition is construed as a petition for a writ of mandamus, we conclude that the district court did not abuse its discretion by declining to construe appellant's habeas petition as a mandamus petition.

[4]We have considered appellant's proper person documents, we grant his motion for leave to file these documents, and we direct the clerk of this court to file appellant's motion to file proper person documents, Fast Track Statement, and Appendix. *See* NRAP 46(b).

cc: Hon. Michael Villani, District Judge
Randy Stone
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A